UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Defendant's motion to dismiss and DENYING Plaintiffs' motion to remand

Before the Court are Defendant AdvoCare International, LP's motion to dismiss, *see Tubbs et al. v. AdvoCare International, LP et al.*, CV 17-4454 PSG (AJWx), Dkt. # 17 ("*Defendant Mot.*"), and Plaintiffs Michael Tubbs, Ebony Baker, Stacy Porras, and Josh Hall's motion to remand, *see* Dkt. # 33 ("*Plaintiffs Mot.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court GRANTS Defendant's motion to dismiss and DENIES Plaintiffs' motion to remand.

I.  Background

This action arises from illicit business practices allegedly perpetrated by Defendant AdvoCare International, LP ("Defendant") with regards to its energy and weight-loss products, which were purchased by Plaintiffs Michael Tubbs, Ebony Baker, Stacy Porras, and Josh Hall ("Plaintiffs").

Defendant produces, distributes, and markets a line of products under the "24-Day Challenge" banner, which is sold as "a comprehensive supplementation and nutrition program designed to give your body the jumpstart it needs" and assist with "weight management, energy, overall body composition [and] overall wellness." *See First Amended Complaint*, Dkt. # 1-3, ¶ 1 ("*FAC*"). The 24-Day Challenge line includes AdvoCare Spark® ("Spark"), which is also marketed as a stand-alone product. *Id.* ¶ 2. Plaintiffs claim that Defendant has made various assertions through mass advertising regarding the health benefits of Spark, including that it: is a "unique multi-nutrient system that was developed as a nutritional source of energy and enhanced mental focus"; "enhances mental energy and focus"; contains "more than 20 vitamins, minerals and nutrients that work synergistically to provide a healthy, balanced and effective source of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |

energy that won't overburden or over stimulate your body"; is a "source of long-lasting energy and heightened mental focus and performance"; and contains "neuroactive amino acids that help increase your mental focus and alertness by supporting your brain's ability to receive and send messages." *Id.* ¶ 3. Plaintiffs assert that "[i]t in fact does none of this . . . and do[es] in fact burden and over stimulate one's body." *Id.* Although Spark includes caffeine and taurine, an ingredient alleged to provide extra stimulation, Plaintiffs contend that scientific research "strongly questions taurine's benefits." *Id.* ¶ 23. Indeed, although Defendant's website touts that it "relies on the latest scientific knowledge and highest quality ingredients to create safe and effective products," Plaintiffs allege that "there is no genuine scientific research or scientifically reliable studies in existence that support the extraordinary claims of Defendant[] that AdvoCare branded products provide the benefits claimed," and that Defendant "know[s] or should know that said claims are untrue." *Id.* ¶¶ 25-26, 39. Plaintiffs believe that Defendant has spent "millions of dollars misleading consumers" about its products via a vast array of media. *Id.* ¶ 32, 34. Plaintiffs claim they were "lured into becoming consumers of AdvoCare products by its marketing message" and that "they would not have purchased the [products], or would not have paid a premium price for the products," had they "been aware of the truth." *Id.* ¶ 36, 41. Specifically, Plaintiff Tubbs spent "hundreds of dollars on the products" based on Defendant's glowing advertising, while Plaintiffs Baker and Porras spent $200 and $500, respectively. *Id.* ¶ 46. Each of these Plaintiffs, along with Plaintiff Hall, claim that none of Defendant's unsupported advertisements were true and that they did not experience the products' guaranteed benefits. *Id.*

Plaintiffs also allege that Defendant "fail[s] to honor [its] warranty obligations by providing a product that" is not fit for the purpose for which it is marketed and sold, is not adequately packaged and labeled, does not include money-back guarantees or free trials, and violates the warranties contained in California's Uniform Commercial Code ("UCC").

In their first amended class action complaint, Plaintiffs allege the following six causes of action:

> First Cause of Action: Unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code §§ 17200 et seq. *FAC* ¶¶ 47-59.

> Second Cause of Action: Unfair, deceptive and misleading advertising in violation of California Business & Professions Code §§ 17500 et seq. *FAC* ¶¶ 60-72.

> Third Cause of Action: Breach of implied warranty in violation of California UCC §§ 2314 and 2315 and common law. *FAC* ¶¶ 73-78.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |

Fourth Cause of Action: Breach of express warranty in violation of California UCC § 2313. *FAC* ¶¶ 79-85.

Fifth Cause of Action: Violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq. *FAC* ¶¶ 86-93.

Sixth Cause of Action: Common law restitution for unjust enrichment. *FAC* ¶¶ 94-99.

Plaintiffs filed their original complaint in Los Angeles County Superior Court on March 28, 2017, and Defendants acknowledged receipt of service on April 26. *See Plaintiffs Mot.* 2:19-26. Plaintiffs filed their first amended complaint on May 5, which was transmitted to Defendant's counsel on May 11. *Id.* 2:26-3:2. Defendant, noting that the amended complaint did not identify an amount in controversy as required for federal jurisdiction under the Class Action Fairness Act ("CAFA"), "conducted its own investigation to determine the Action's removability" and, after estimating that its potential CAFA liability could be as much as $30 million, filed its notice to remove the case to this Court on June 15. *See Opposition to Plaintiffs' Motion to Remand*, Dkt. # 39, 4:18-5:2 ("*Defendant Opp.*"). In that notice, Defendant asserted that this Court has CAFA jurisdiction over the action because the putative classes each consist of tens of thousands of members; there is minimal diversity between Plaintiffs Tubbs, Portas, and Hall (citizens of California) and Defendant (citizen of Delaware and Texas); and the amount in controversy exceeds $5 million. *See Notice of Removal*, Dkt. # 1, ¶¶ 9-14 ("*NOR*").

One week after removal, on June 22, Defendant filed its motion to dismiss, arguing that Plaintiff's amended complaint contains various procedural and substantive defects, including the fundamental flaw that Plaintiffs allege that Defendant's marketing is *unsubstantiated*, not *false*, and "[w]ell-established authority holds that private plaintiffs are barred from alleging mere lack of substantiation in advertising." *Defendant Mot.* 1:5-9. Defendant also argues that Plaintiffs fail to plead their fraud claims with particularity, lack Article III standing to seek injunctive relief, and otherwise fail to plead claims upon which relief can be granted. *See id.* 1:14-2:3.

On July 17, Plaintiffs filed their motion to remand, claiming that Defendant "failed to remove this action within the time period permitted and thus a procedural defect requiring remand exists." *Plaintiffs Mot.* 2:2-4.

II.     Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. *See* 28 U.S.C. § 1441(a). A defendant must remove the case from state court during one of two thirty-day time limits. 28 U.S.C. § 1446(b). The first thirty-day limit requires the defendant to remove within thirty days after receiving a complaint that is removable on its face. *Id.* § 1446(b)(1). Alternatively, if the complaint is not removable on its face, the second thirty-day limit requires the defendant to remove within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has been removable." *Id.* § 1446(b)(3); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). Courts strictly construe the removal statute against removal jurisdiction. *See, e.g.*, *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034 (citation omitted); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). Although a district court lacks the authority to remand a case *sua sponte* for procedural defects, *Corona-Contreras v. Gruel*, 957 F.3d 1025, 1029 (9th Cir. 2017), and the Ninth Circuit has found that the time limits for removal are procedural, not jurisdictional, *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980), the court may remand upon a timely motion. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) ("Because procedural defects are waivable, a district court lacks authority to remand based on the defendant's violation of § 1446(b)'s . . . time limitation absent a timely filed motion to remand.").

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City and Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

III. Judicial Notice

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *accord Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |

("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). Courts may also, however, consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014), *cert. denied sub nom. Cohen v. Nvidia Corp.*, 135 S. Ct. 2349 (2015).

Defendant has filed an unopposed request for judicial notice of three articles, *see* Dkt. # 18 ("*RJN*"), consisting of a piece from the academic journal *Nutrition Reviews*, *see RJN* Ex. 1; an article on energy drinks published in *The New York Times*, *see RJN* Ex. 2; and a study conducted by the European Food Safety Authority ("EFSA"), *see RJN* Ex. 3. The Court concludes that it can take judicial notice of these three articles. Each is referenced in Plaintiffs' amended complaint, *see FAC* ¶¶ 27-29, and on a 12(b)(6) motion, the Court may "consider documents that are incorporated by reference but not physically attached to the complaint if they are central to plaintiffs' claim and no party questions their authenticity." *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 882 (C.D. Cal. 2013) (citing *Marder*, 450 F.3d at 448). The three articles for which judicial notice is requested are central to Plaintiffs' claims regarding scientific support for Defendant's advertising and, since Defendant's request is unopposed, their authenticity is not disputed.

Accordingly, the Court GRANTS Defendant's request for judicial notice.

IV. Discussion

The Court will begin by considering Plaintiffs' motion to remand, and will then address Defendant's motion to dismiss.

    A.    Plaintiffs' Motion to Remand

Plaintiffs base their motion to remand on a single argument: that Defendant "failed to remove this action within the time period permitted and thus a procedural defect requiring remand exists." *Plaintiffs Mot.* 2:2-4.

A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" or "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(1), (3). Plaintiffs argue that Defendant "[a]t the very latest[] received the filing when it was served with the Initial Complaint on April 26, 2017." *Plaintiffs Mot.* 4:1-2. That original complaint set forth two putative classes: 1) "[a]ll individuals in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |

California who purchased the 24-Day Challenge products within four (4) years of filing this lawsuit" and 2) "[a] sub Class of all individuals in California who purchased Spark within four (4) years of filing this lawsuit." *Complaint*, Dkt. # 1-1, ¶ 15 ("*Compl.*"). Based on these two classes, and the various causes of actions claimed within, Plaintiffs conclude that "Defendant, upon receipt and certainly upon service, of the Initial Complaint should have been aware of its basis for removal under" CAFA. *Plaintiffs Mot.* 4:23-25. Federal jurisdiction under CAFA exists when three elements are satisfied: "(1) there must be minimal diversity of citizenship between the parties, (2) the proposed class must have at least 100 members and (3) the amount in controversy must exceed[ ] the sum or value of $5,000,000." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). Plaintiffs argue that the face of this complaint made clear that the class members exceeded 100, that minimal diversity exists, and that "it is apparent that more than $5,000,000 is in controversy due to the size and scope of the class and amount in controversy for each putative class member." *Id.* 5:5-16. Plaintiffs therefore conclude that more than 30 days elapsed between Defendant's receipt of the original complaint—and its ability to ascertain CAFA jurisdiction—and its removal on June 15. *See id.* 5:16-20. In the alternative, Plaintiffs argue that even if it was the *amended* complaint that first conferred CAFA jurisdiction, Defendant's counsel acknowledged receipt of that complaint on May 12, *see id.* 2:26-3:2—more than 30 days prior to the eventual removal.

The Court disagrees with Plaintiffs' argument. Although § 1446(b) identifies two thirty-day periods for removal—both of which start running when removability is ascertainable—the Ninth Circuit has held that, because the "statute does not define 'removable,'" courts should "not treat the concept as a strict dichotomy." *Kuxhausen*, 707 F.3d at 1139. Notice of removability is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. Accordingly, courts do not "charge defendants with notice of removability until they've received a paper that gives them enough information to remove." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251.

Consequently, because pleadings might be indeterminate on their faces, the two 30-day removal periods prescribed by § 1446(b) "are not the exclusive periods to remove; provided that neither is triggered, a defendant may remove at any time based on the results of its own investigations." *Ruano v. Sears Roebuck & Co.*, No. CV 15-6060 PSG (FFMx), 2015 WL 6758130, at *1 (C.D. Cal. Nov. 5, 2015). Because "a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability," then "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |

notice of removal within thirty days of receiving the indeterminate document." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

The Court agrees with Defendant that both Plaintiffs' initial complaint and amended complaint were indeterminate as to CAFA jurisdiction; specifically, because no amount in controversy was pleaded. The faces of Plaintiffs' two complaints reveal only that the putative classes consist of "more than sixty [members] for each," and that three Plaintiffs spent "hundreds of dollars" on Defendant's products. *See Compl.* ¶¶ 18, 20, 46; *FAC* ¶¶ 18, 20, 46. Defendant observes that even had it assumed that each of the 120 putative class members spent $500 apiece—the highest amount referenced in the complaints—then "the amount in controversy would only add up to approximately $60,000," which is far below the CAFA requirement of $5 million. *Defendant Opp.* 9:26-10:1. The Court agrees that Defendant "could not calculate an amount in controversy from the face of the pleadings," *Id.* 10:10-11; in such cases, courts have routinely denied motions to remand premised on Plaintiffs' argument here. *See, e.g.*, *Roth*, 720 F.3d at 1125 (reversing remand because amended complaint "did not reveal on its face that there was diversity of citizenship or that there was sufficient amount in controversy to support jurisdiction under CAFA"); *Kuxhausen*, 707 F.3d at 1141 (holding that a complaint "fell short of triggering the removal clock under Section 1446(b)" because it "did not reveal that the amount in controversy exceeded five million dollars"); *Jakuttis v. Allstate Indem. Co.*, No. EDCV 15-0624 JGB (KKx), 2015 WL 3442083, at *3 (C.D. Cal. May 27, 2015) (denying motion to remand when "the amount in controversy was not sufficiently clear from the face of the Complaint").

Because Plaintiffs' complaints were indeterminate with regard to the CAFA amount in controversy, the Court concludes that the 30-day removal clock was not triggered. Defendant's investigation eventually revealed a $30 million amount in controversy, but the fact that this insight came after 30 days is permissible and does not justify remand. *See Roth*, 720 F.3d at 1123 ("[A] defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court *when it discovers*, based on its own investigation, that a case is removable.") (emphasis added); *Ruano*, 2015 WL 6758130, at *1 ("[A] defendant may remove *at any time* based on the results of its own investigations.") (emphasis added).

Therefore, the Court DENIES Plaintiffs' motion to remand.

B. Defendant's Motion to Dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |

In its motion to dismiss Plaintiffs' amended complaint, Defendant relies principally on the argument that Plaintiffs only allege that Defendant's marketing is *unsubstantiated*, not *false*, and that "[w]ell-established authority holds that private plaintiffs are barred from alleging mere lack of substantiation in advertising." *Defendant Mot.* 1:5-9; *see also id.* 8:5-13:1. The Court agrees.

In California, it is "unlawful for any person doing business . . . to make any false or misleading advertising claim, including claims that (1) purport to be based on factual, objective, or clinical evidence, (2) compare the product's effectiveness or safety to that of other brands or products, or (3) purport to be based on any fact." Cal. Bus. & Prof. Code § 17508(a). However, although the statute permits demands for substantiation in these cases, such requests can only be made by a select set of authorities enumerated in the statute, including the California Director of Consumer Affairs and various prosecutors. *See id.* § 17508(b); *see also Stanley v. Bayer Healthcare LLC*, No. 11cv862-IEG(BLM), 2012 WL 1132920, at *3 (S.D. Cal. Apr. 3, 2012) ("[O]nly prosecuting authorities may require an advertiser to substantiate its advertising claims."). Consequently, it is well-settled under California law that *private* litigants may not bring claims pursuant to state consumer protection laws that are premised on alleged lack of substantiation. *See National Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1345 (2003) ("The Legislature has expressly permitted prosecuting authorities, but not private plaintiffs, to require substantiation of advertising claims."); *Route v. Mead Johnson Nutrition Co.*, No. CV 12-7350-GW(JEMx), 2013 WL 658251, at *4 (C.D. Cal. Feb. 21, 2013) ("Defendant is undoubtedly correct that Plaintiff may not base her claims on any purported lack of substantiation."); *Stanley*, 2012 WL 1132920, at *3. The California Court of Appeal explained the rationale behind this legislative decision: "This limitation prevents undue harassment of advertisers and is the least burdensome method of obtaining substantiation for advertising claims. Moreover, a prosecuting authority is authorized to disseminate information to consumers concerning unsubstantiated advertising claims." *King Bio*, 107 Cal. App. 4th at 1345.

Earlier this year, the Ninth Circuit reaffirmed this basic principle in *Kwan v. SanMedica Int'l*, 854 F.3d 1088 (9th Cir. 2016), holding that "California law does not provide for a private cause of action to enforce the substantiation requirements of California's unfair competition and consumer protection laws." *Id.* at 1091; *see also Engel v. Novex Biotech, LLC*, 689 F. App'x 510, 510 (9th Cir. 2017) ("Neither California's Unfair Competition Law ('the UCL') nor its Consumer Legal Remedies Act ('the CLRA') provides consumers with a private cause of action to enforce the substantiation provisions of California's unfair competition or consumer protection laws."). *Kwan* is particularly instructive here. In that case, the district court dismissed the plaintiff's first complaint, which alleged that the defendant's products did not provide their advertised benefits, on the ground that such claims were impermissible actions based on lack of substantiation. *Kwan*, 854 F.3d at 1091. The district court instructed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |

plaintiff that, to amend her complaint, she "must allege facts from which the [c]ourt can conclude that Defendant's advertising representations were false." *Id.* It provided specific guidance as to what those additional facts might be: "For example, Plaintiff could allege that one or more of the authorities alluded to actually studied or tested the formula SeroVital contains and found that it does not [deliver the promised result], or that Plaintiff herself did not experience such [a result] when using the product, or that a study exists somewhere demonstrating that [the result] is categorically impossible to achieve in an over-the-counter pill." *Id.* The *Kwan* plaintiff filed an amended complaint, but it did not satisfy her burden since it alleged only that the defendant's "representations are false" and that there "is no Credible Scientific Evidence to Support Defendant's . . . Representation." *Id.* at 1092. The Ninth Circuit upheld the district court's dismissal of this amended complaint, determining that the additional allegations were "conclusory and [did] nothing to support or prove the falsehood of the claims." *Id.* at 1096. The Court concluded that "[s]ince California law does not provide a private cause of action for claims that advertising lacks substantiation, the failure to allege specific facts pointing to actual falsehood constitutes a fatal flaw." *Id.* at 1096-97.[1]

Here, Plaintiffs' amended complaint similarly offers no more than the sorts of vague allegations and conclusory statements that have been deemed insufficient by courts in similar cases. For example, Plaintiffs allege that "scientific research strongly questions taurine's benefits," and that while Defendant purportedly "relies on the latest scientific knowledge and highest quality ingredients . . . . there is no genuine scientific research or scientifically reliable

---

[1] Plaintiffs argue that, even if *Kwan*'s holding is applicable here, then it should only apply to three of their causes of action because that case only raised claims under California's Unfair Competition Law ("UCL") and CLRA. *See Opposition to Defendant's Motion to Dismiss*, Dkt. # 38, 13:1-9. However, courts have applied *Kwan*'s holding to *all* causes of actions premised on a lack-of-substantiation theory, not only those claims raised in *Kwan*. *See, e.g.*, *Moorer v. Stemgenex Med. Grp., Inc.*, No. 3:16-cv-02816-AJB-NLS, 2017 WL 1281882, at *7-8 (S.D. Cal. Apr. 6, 2017) (dismissing UCL, CLRA, False Advertising Law, negligent misrepresentation, and fraud claims that were "deeply entrenched in a lack of substantiation theory"); *Barrera v. Pharmavite, LLC*, No. CV 11-04153 CAS, 2011 WL 13098477, at *2-3 (C.D. Cal. Sept. 19, 2011) (dismissing CLRA, UCL, and breach of express warranty claims because, "when considered as a whole as it must be for purposes of a 12(b)(6) motion, the complaint primarily alleges the claims on defendant's labels lack substantiation") (citation omitted). Furthermore, the Court agrees with Defendant that the policy rationale behind the ban on lack-of-substantiation claims "would be wholly undermined if a plaintiff could circumvent it by styling a claim as one for common law fraud instead of under the UCL, for example." *See Reply in Support of Defendant's Motion to Dismiss*, Dkt. # 40, 3:6-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |

studies in existence that support [Defendant's] extraordinary claims." *FAC* ¶¶ 23-25. The "no genuine scientific research" claim is precisely the sort of allegation that the Ninth Circuit recently rejected as being impermissibly premised on a lack-of-substantiation theory. *See Engel*, 689 F. App'x at 510-11 ("[A]llegations that defendant's marketing claims are not supported by any reliable clinical trials and that a comprehensive search could not produce any publication to support claims . . . do not support a finding that the advertising claims are actually false, only that they lack substantiation.").

Plaintiffs' attempts to demonstrate the falsity of Defendant's representations—a strategy that can be used to cure the lack-of-substantiation defect—are insufficient. They cite to the three articles of which the Court has taken judicial notice, none of which provide any allegation that Defendant's 24-Day Challenge products are falsely advertised. The *Nutrition Reviews* piece suggests that there is a "lack of evidence to substantiate claims that components of [energy drinks], other than caffeine, contribute to the enhancement of physical or cognitive performance." *RJN* Ex. 1 at 730. However, not only does this article indicate only a lack of substantiation and not outright falsity, it does not mention Defendant, Spark, or any other 24-Day Challenge product. Courts have previously found a reliance on studies that did not involve the products at issue to be insufficient in similar cases. *See, e.g.*, *Eckler v. Wal-Mart Stores, Inc.*, No. 12-CV-727-LAB-MDD, 2012 WL 5382218, at *6-7 (S.D. Cal. Nov. 1, 2012) (determining that studies that did not involve the product at issue do not lend "facial plausibility" to claims that representations are false or misleading). Similarly, the *New York Times* article suggests only that "proof is scant" regarding the efficacy of energy drinks without specifically identifying either Defendant or its products. *RJN* Ex. 2 at 1. Lastly, the EFSA's 2011 study specifically examined the ingredient taurine—which, Plaintiffs allege, is included in Spark and of questionable benefit. *See FAC* ¶ 23. However, that study concludes only that a "cause and effect relationship has not been established between the consumption of taurine and" some of its purported benefits. *RJN* Ex. 3 at 9-10. The study does not reference Defendant or its products and does not conclude that its advertising of taurine's benefits is false.

In sum, each of these articles suggests that some of Defendant's representations might lack substantiation, but they contain no allegations regarding Defendant's conduct or its products, and certainly no indication that the representations upon which Plaintiffs reputedly relied were false. Although "[a] claim can survive a lack of substantiation challenge by, for example, alleging studies showing that a defendant's statement is false," these articles intimate only lack of substantiation, not the requisite demonstration of falsity. *Bronson v. Johnson & Johnson, Inc.*, No. C 12-04184 CRB, 2013 WL 1629191, at *8 (N.D. Cal. Apr. 16, 2013). This Court joins others that have held that references to similar studies and articles do not create a viable claim. *See, e.g.*, *Otto v. Abbott Labs., Inc.*, No. CV 12-1411-SVW(DTB), 2013 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |

12132046, at *6 (C.D. Cal. Mar. 15, 2013) (holding that inapposite and inconclusive studies "do not give rise to a plausible claim" even when "accept[ing] well-pleaded allegations as true").

However, Plaintiffs can demonstrate falsity in another way—specifically, through allegations of personal experience. Here, however, it is alleged only that "Plaintiff [Tubbs] realized none of the alleged benefits" of Defendant's products, and that Plaintiffs Baker, Porras, and Hall "found that none of [Defendant's] unsupported advertisements and claims were true." *FAC* ¶ 46. Even accepting these statements as true, which the Court is obliged to do on a 12(b)(6) motion, it finds that such vague, unspecific allegations do not state a plausible claim for relief. Conclusory statements are insufficient at the pleading stage; a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This is especially true in cases, like this one, where "it's really only scientific testing that can show a supplement's claims to truly be false and/or misleading." *Eckler*, 2012 WL 5382218, at *3 n. 2.[2] Here, additional information regarding which products were consumed, when they were purchased, which representations were allegedly misleading, and how and why the benefits were unrealized might create a plausible inference that Defendant's representations were indeed false. As currently pleaded, however, the Court cannot conclude that these allegations, even if true, entitle Plaintiffs to relief.

Plaintiffs argue that *King Bio* and subsequent lack-of-substantiation cases should not bar their amended complaint and that they have satisfied their pleading requirements. *See Opposition to Defendant's Motion to Dismiss*, Dkt. # 38, 14:18-17:18 ("*Plaintiffs Opp.*"). However, the Court does not find the cases cited by Plaintiffs on this point to be persuasive.

---

[2] In *Eckler*, the court explained the central problem of a generalized allegation that a medicinal product does not work:

> Of course, how would she actually know that? The health and comfort of joints is probably influenced by a number of variables. Did Eckler keep all of them constant, adjust for ones that can't be kept constant (like aging), and then somehow have her cartilage and joints examined? Did she keep precise records of how much Equate she took, why she took it, and just how long she took it for? Can she document what her physical condition was before she and after she took Equate? Probably not. What's more likely is that she took Equate casually and just didn't feel much better, but that makes her own claims just as speculative as she alleges Equate's benefits are.

*Eckler*, 2012 WL 5382218, at *3 n. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |

Leaving aside the differences in procedural postures, the plaintiffs in those cases prevailed because they combined personal anecdotes with relevant, persuasive scientific studies. *See Thesier-Hendricks v. TJL Enters., Inc.*, No. CV 15-00477 JAK (SSx), 2015 WL 10791893, at *5-6 (C.D. Cal. Aug. 3, 2015) (declining to dismiss complaint that combined "Plaintiff's personal experience" with "references to scientific studies" that demonstrate products' ineffectiveness); *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1073 (S.D. Cal. 2015) (distinguishing *King Bio* where plaintiffs provided expert evidence of ineffectiveness); *Melgar v. Zicam LLC*, No. 2:14-cv-00160-MCE-AC, 2016 WL 1267870, at *10 (E.D. Cal. Mar. 31, 2016) (quoting *Forcellati v. Hyland's Inc.*, No. CV 12-1983-GHK (MRWx), 2014 WL 1410264, at *14 (C.D. Cal. Apr. 9, 2014)) (determining that plaintiff could "affirmatively prove Defendants' products are no more effective than a placebo" using "testing, scientific literature, [and] anecdotal evidence"). All of these cases are distinguishable from Plaintiffs' amended complaint, which contains neither relevant, logically related scientific studies nor anecdotal experience that goes beyond vague, conclusory allegations.

Under California law, claims premised on false advertising, as Plaintiffs' are, must be based on an allegation that a defendant's representations were false, not merely unsubstantiated. Here, Plaintiffs have failed to plead facts sufficient to demonstrate falsity, and therefore have not stated a claim upon which relief can be granted. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' first amended complaint.

Because the Court also grants Plaintiffs leave to amend, see below, it feels that some additional words of guidance are warranted. In opposing Defendant's motion to dismiss, Plaintiffs rely heavily on the legal standard articulated by this court in the 2008 case *Amarkarian v. City of Glendale*, No. CV 08-980-PSG(E), 2008 U.S. Dist. LEXIS 95085 (C.D. Cal. Nov. 7, 2008). It was true then, and it is true now, that the Federal Rules of Civil Procedure require only a "short and plain statement of the claim showing that the pleader is entitled to relief," and that "a judge must accept as true all of the factual allegations contained in the complaint." *Id.* at *7. However, a word of caution: the *Amarkarian* decision preceded *Iqbal*, which elaborated that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," nor does "a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Furthermore, *Amarkarian* concerned a pro se plaintiff, and so this Court was motivated by the fact that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards." *Amarkarian*, 2008 U.S. Dist. LEXIS 95085, at *8 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Plaintiffs here are not pro se, and so any amended complaint that might be filed from this point forward will be held to the pleading standards articulated in *Twombly*, *Iqbal*, and their progeny.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |

In addition, because the Court is persuaded that Plaintiff's first amended complaint is premised on an impermissible lack-of-substantiation theory and should be dismissed for that reason, it will not consider Defendant's alternate grounds for dismissal. However, the Court nevertheless encourages Plaintiffs to take heed that the particularity requirement for fraud claims mandated by Federal Rule of Civil Procedure 9(b), as well as Article III standing requirements for injunctive relief, will also apply to future pleadings.

V.  Leave to Amend

Plaintiffs request, at a minimum, that they be granted leave to file a second amended complaint. *See Plaintiffs Opp.* 22:14-22.

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Court considers whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Court finds that Plaintiffs have failed to sufficiently plead their claims. Such insufficiencies might very well be cured through amendment, and the Court does not believe that Defendant would be prejudiced if leave were granted at this time. The Court therefore GRANTS Plaintiffs leave to amend.

VI.  Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss and DENIES Plaintiffs' motion to remand.

Because the Court also GRANTS leave to amend, Plaintiffs must file a second amended complaint by <u>October 18, 2017</u>.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-4454 PSG (AJWx) | Date | September 12, 2017 |
|---|---|---|---|
| Title | Tubbs et al. v. AdvoCare International, LP et al. | | |